**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**VERSATA SOFTWARE, et al.,**

       Plaintiffs,                   **CIVIL ACTION NO. 11-mc-50844**

   vs.

                                        **DISTRICT JUDGE GEORGE CARAM STEEH**

**INTERNET BRANDS, INC., et al.,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**

       Defendants.
_____/

**ORDER GRANTING NON-PARTY CHRYSLER GROUP LLC'S MOTION TO QUASH**
**PLAINTIFFS' SUBPOENA (DOCKET NO. 1)**

       This matter comes before the Court on Non-Party Chrysler Group LLC's Motion To Quash Plaintiffs' Subpoena. (Docket no. 1). Plaintiffs Versata Software, Inc. and Versata Development Group, Inc. (collectively "Versata") filed a response. (Docket no. 9). Non-Party Chrysler Group LLC filed a reply. (Docket no. 11). All pretrial proceedings have been referred to the undersigned for action. (Docket no. 3). The Court heard oral argument on the motion on October 4, 2010. The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

       Versata filed a complaint in the United States District Court for the Eastern District of Texas against Internet Brands, Inc., Autodata Solutions Company, and Autodata Solutions, Inc. (collectively "Autodata"). The complaint alleges that Autodata made misrepresentations to Chrysler in 2008 during a formal bidding process in which Chrysler solicited bids from vendors for its online retail shopping applications. Specifically, Versata avers that Autodata misrepresented to Chrysler that it had a license to use and sell Versata's technical solutions which resulted in Autodata being

1

awarded the Chrysler contract. In the underlying action, Versata sues Autodata for patent infringement, breach of settlement agreement, and tortious interference with contract. In addition, Versata seeks a declaratory judgment determining its rights with respect to a settlement agreement between Versata and Autodata. (Docket no. 9, ex. 1).

In August 2010 Versata issued a subpoena to non-party Chrysler Group LLC from this district. (Docket no. 1, ex. A). The subpoena commanded Chrysler to produce documents by September 13, 2010 and designate a Rule 30(b)(6) witness to testify at a deposition to be held in Troy, Michigan on November 8, 2010. (Docket no. 1, ex. A). Through a series of email correspondences, Versata and Chrysler agreed to extend the production deadline, narrow Versata's documents requests, and suspend the 30(b)(6) deposition until after Versata had an opportunity to review Chrysler's document production. In June 2011 Chrysler completed its document production. Versata does not challenge the completeness of that production.

After Versata reviewed Chrysler's documents, it determined that it was still in need of a Rule 30(b)(6) deposition on the issues identified in the subpoena. The subpoena commands Chrysler to present a corporate designee to testify on the following three topics: (1) efforts taken by Autodata, Oceanus, Oceanus President and CEO Chris Taylor, or others to sell Autodata products or services to Chrysler since May 2001;[1] (2) communications between Chrysler and Autodata, Oceanus, or Oceanus President and CEO Chris Taylor relating to Versata; and (3) Chrysler's use of any product, service, or technology offered or sold by Autodata.[2]

---

[1] Versata alleges that Autodata contracted with Oceanus and/or its President and CEO, Chris Taylor for Oceanus and/or Mr. Taylor to sell Autodata's products and services to Chrysler.

[2] Versata claims that the third deposition topic relates to the "Compare Vehicles" functionality found in the "Research Tab" on Chrysler's website, and the "Build My Own"

By way of further background, in addition to the subpoena served on Chrysler, Versata served similar document and deposition subpoenas on two former Chrysler employees, the first to Chuck Sullivan out of the Eastern District of Virginia (docket no. 9, ex. 9), and the second to Hindman H. Burris out of this district (docket no. 9, ex. 8).  The subpoena to Hindman H. Burris is the subject of a Motion To Quash that is pending before this Court in a separate case.  (Case no. 11-mc-50846). At the hearing on the instant motion, the parties informed the Court that the deposition of Chuck Sullivan is scheduled to go forward.  The Court was also informed that Versata has taken testimony from Oceanus President and CEO Chris Taylor.

In the instant motion, Chrysler moves to quash the deposition subpoena on the grounds that the request for deposition is duplicative and overly burdensome.  Chrysler contends that it is a non-party to the underlying litigation, and maintains that the information which Versata seeks can be readily obtained from Autodata or from the documents Chrysler has already produced.

Federal Rule of Civil Procedure 45(c) governs the protection of persons subject to a subpoena.  Rule 45(c)(3)(A)(iv) requires the issuing court, upon timely motion, to quash or modify a subpoena that subjects a person to undue burden.  In making this determination, the court must weigh the relevance of the requested material against the burden of producing the material. *E.E.O.C. v. Ford Motor Credit Co.,* 26 F.3d 44, 47 (6th Cir.1994).  Non-party status is a significant factor to be weighed in the undue burden analysis. *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 09-50630, 2009 WL 2351769, at *1 (E.D. Mich.  July 28, 2009) (citation omitted).  Pursuant to Rule 26(b)(2)(C)(i), the court must limit the frequency or extent of discovery if it

---

functionality also found on Chrysler's website.  (Docket no. 9 at p. 7 and n.21).

determines that the discovery is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

The Court has reviewed the arguments of counsel, the subpoenas and the attached exhibits, and finds that Versata's request for a Rule 30(b)(6) Chrysler deposition is unreasonably cumulative, duplicative, and overly burdensome. The Court is not persuaded that the information Versata seeks cannot be obtained from Autodata, from the depositions of Chuck Sullivan and Chris Taylor, or from Chrysler's own document production. Accordingly, Chrysler's Motion To Quash as it relates to Chrysler's Rule 30(b)(6) deposition will be granted.

**IT IS THEREFORE ORDERED** that Non-Party Chrysler Group LLC's Motion To Quash Plaintiffs' Subpoena (docket no. 1) is **GRANTED** insofar as Chrysler is not obligated to produce a Rule 30(b)(6) corporate representative for deposition on the subjects identified in Versata's subpoena.

### NOTICE TO PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 14, 2011  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

4

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated:                               s/_____
                                     Case Manager